**SIGNED THIS: May 16, 2011**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:	)
	)
AARON S. JOHNSON and	)    Bankruptcy Case No. 10-91970
KAREN A. JOHNSON,	)
	)
		Debtors.	)

OPINION

This matter having come before the Court on a Motion to Reconsider filed by the Debtors and Trustee's Response to the Motion to Reconsider; the Court, having heard arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in dispute and are, in pertinent part, as follows:

1.	The Debtors filed for relief under Chapter 13 of the Bankruptcy Code on September 28, 2010.

2. The Debtors indicated in their bankruptcy schedules that Debtor, Karen A. Johnson, formerly known as Karen Kresin, is the beneficiary of the Estate of her late father, Duaine Kresin.

3. On December 15, 2010, the Trustee filed a report requesting that the Debtors' plan provide for the turnover of the proceeds of the Estate of Duaine Kresin.

4. On February 15, 2011, a hearing was held whereby the Debtors' plan was to be confirmed with the understanding that the proceeds of the Estate would be turned over to the Trustee.

5. On February 16, 2011, a confirmation order was entered which specifically stated:

> The Debtor, KAREN JOHNSON, is expected to receive an inheritance under the Last Will and Testament of Duaine Kresin, her father, and the Debtor agrees to report when she receives the inheritance and the amount of the same to the Trustee's office and amend her Chapter 13 Plan at that time.

6. On February 18, 2011, Karen A. Johnson executed a disclaimer of her interest in the Estate of Duaine Kresin.

7. On March 8, 2011, the Debtors filed the instant Motion to Reconsider requesting that the Court amend the confirmation order deleting the provisions regarding the inheritance of Duaine Kresin's Estate, given that the Debtor, Karen A. Johnson, executed a disclaimer of her interest in that Estate.

8. On March 21, 2011, the Trustee's Response to the Motion to Reconsider was filed. A hearing on the Motion and Response was held on April 26, 2011, at which time the parties made arguments and the matter is now ripe for this Court's decision.

## Conclusions of Law

In support of their assertion that the proceeds of the Estate of Duaine Kresin should be excluded from their Chapter 13 Plan, the Debtors cite the cases of In re Wood, 219 B.R. 829 (Bankr. C.D. Ill. 2003), and In re Atchison, 925 F.2d 209 (7th Cir. 1991). The Debtors also cite 755 ILCS 5/2-7(d) for the proposition that a disclaimer of an interest in an estate relates back to the death of the decedent, which in this case was December 8, 2009. The Debtors argue that, as

a result of the disclaimer, the Debtors' bankruptcy estate had no interest in the Estate of Duaine Kresin at the time the Chapter 13 bankruptcy was filed on September 28, 2010.

Title 11 U.S.C. § 541 governs the property that is considered to be part of the bankruptcy estate. Section 541 has been broadly construed and includes: "every conceivable interest of the debtor, future, nonpossessory, contingent, speculative or derivative, is within the reach of §541." Matter of Yonikus, 996 F.2d 866 (7th Cir. 1993). It has been held that, in Chapter 13 cases, property of the bankruptcy estate includes all property of the kind specified in 11 U.S.C. § 541. See: In re Grogg, 295 B.R. 297 (Bankr. C.D. Ill. 2003). In response to the Debtors' position, the Trustee cites In re Chenoweth, 3 F.3d 1111 (7th Cir. 1993), for the proposition that a post-petition disclaimer of an interest in an estate was invalid since the interest was automatically part of the estate when the case was filed, and that it vested in the debtor upon the death of the testator and was only validated by proceedings in the Probate Court.

The Court finds that the cases relied upon by the Debtors of In re Wood, supra, and In re Atchison, supra, are clearly distinguishable from the facts of this case in that those cases involved Chapter 7 bankruptcies and issues arising under the fraudulent conveyance provisions of 11 U.S.C. §§ 548 and 549. In this case, unlike Wood and Atchison, a Chapter 13 bankruptcy is involved with a confirmed plan including the interest of Debtor, Karen A. Johnson, in her father's Estate. Thus, the cases of Wood and Atchison are inapplicable under the uncontroverted facts of this case.

The Supreme Court has held, in the case of United Student Aid Funds, Inc. v. Espinosa, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010), that the confirmation of a Chapter 13 plan is final and binding on all parties. In this case, Debtors' Chapter 13 plan was confirmed with the provisions including the inheritance of Debtor, Karen A. Johnson, in the Estate of her father, Duaine Kresin. Under the authority of Espinosa, supra, this Court finds that the Debtors' attempted post-confirmation disclaimer of her interest in her father's Estate is void as it is contrary to the clear

terms of the confirmation order entered on February 16, 2011.  As such, the Court finds that the Debtors' Motion to Reconsider must be denied.

###